PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Norma Cook was operating the vehicle on Dry Branch Drive in Kanawha County and the vehicle struck a sharp edge of a drainage culvert. Respondent was responsible at all times herein for the maintenance of Dry Branch Road in Kanawha County. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on or about May 15, 2002, at approximately 4:30 p.m. near the intersection of Nunley Drive and Dry Branch Drive. Claimant, Norma Cook, was traveling from her home in Campell’s Creek to her mother’s home on Nunley Drive which is approximately six or seven miles from claimants’ home. Mrs. Cook was driving a 2002 Buick LaSabre. She is familiar with the road having grown up and lived in the area most of her life. The weather on the date of this incident was clear, but there had been a heavy rainstorm a few days prior. Nunley Drive is a one-lane, blacktop road with no center or edge lines. As Mrs. Cook turned off of Dry Branch Drive onto Nunley Drive, she was approached by an oncoming truck that was exiting Nunley Drive. She had to back her vehicle out of Nunley Drive and onto Dry Branch Drive to allow the oncoming truck to pass safely. According to Mrs. Cook, there is a curve in the road on Dry Branch Drive where she backed the vehicle. Once she maneuvered the vehicle to this location, the front passenger side tire struck a sharp edge of a metal culvert bursting the tire. Mrs. Cook testified that the heavy rainstorm on May 5, 2002, caused a lot of water to wash leaves, tree limbs, and other debris into the ditch line along Nunley Drive and also into the culvert. She stated that due to this debris she could not see the culvert or the sharp metal edge. On May 7, 2002, Mrs. Cook called respondent at Chelyan to inform them that the ditch line on Nunley Drive had overflowed onto the road, her mother’s driveway and nearly flooded her house. However, Mrs. Cook testified that respondent did not clean out the ditch line until after the incident at issue. In order to replace the tire, claimants went to two separate dealers. The dealers informed claimants that they did not have the same model tire in stock and that it would take four or five days before the same model tire could be delivered to the store. Mrs. Cook testified that the dealer informed the claimants that they could sell them two comparable tires. She testified that the dealer informed the claimants that they would not recommend just replacing one front tire, leaving two different brands of tires on the front of the vehicle. The claimants purchased two new front tires and had the tires balanced at a total cost of $279.80. However, Mr. Cook testified that he drove the vehicle on the interstate with the two new tires and noticed that the vehicle did not handle as well. He attributed this to the fact that the vehicle had two new tires on the front that were different from the two backfires. Further, Mr. Cook read a section of the vehicle’s owner’s manual into the record at the hearing which stated that if any tire is replaced it should be the same as the original or else it may affect the handling of the vehicle. Therefore, claimants decided to go back to the dealer and purchase two new rear tires as well. The cost of the two rear *13 tires was $264.11. Thus, claimants seek a total award of $531.40 in damages. Claimants testified that their insurer informed them that this loss was not covered under their insurance policy.
Claimants assert that respondent negligently maintained the culvert by not remedying its sharp edge or at least placing warning signs around the culvert to protect the traveling public.
Respondent did not introduce any evidence at the hearing of this matter to rebut claimants’ allegations about the culvert on Dry Branch Drive.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimants must establish by a preponderance of the evi dence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986);Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent was negligent in failing to correct a defective and hazardous condition. The evidence established that there was a very sharp edge at the end of the culvert on Dry Branch Drive. Further, the evidence established that there was debris covering the hazardous edge of the culvert which prevented Mrs. Cook from seeing it. Respondent had at least constructive notice of the debris in the area due to claimants ’ telephone call to the respondent about the local ditchline being clogged. Respondent shouldhave remedied the clogged ditch-line sooner and it would have or at least should have remedied the defective culvert. However, the Court will make an award to claimants for the one tire that was damaged as a proximate result of respondent’s negligence. It is not reasonable to require respondent to pay for four new tires when claimants could have waited a few days more for a replacement tire that matched the original tires. Furthermore, the Court will reduce the award for the one damaged tire since it was an original tire and had approximately 35,000 miles on it. This is at least one-half the life of a tire. The Court is of the opinion that the cost of a new General tire is approximately $170.00, and given the age of the damaged tire in this claim, claimants are entitled to receive one-half the cost of a new tire. Thus, the Court makes an award to claimants in the amount of $85.00.
Award of $85.00.